

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-13-2007

# Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2985

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Lin v. Atty Gen USA" (2007). *2007 Decisions.* Paper 70.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/70

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-2985

———————

SHUN LIN,
                              Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,
                              Respondent

——————

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
BIA No. A97-949-929
Immigration Judge: Eugene Pugliese

——————

Submitted Under Third Circuit LAR 34.1(a)
on November 29, 2007

Before: BARRY, FUENTES, <u>Circuit Judges</u>, and DIAMOND,<sup>*</sup> <u>District Judge</u>.

(Filed: December 13, 2007)

———————

OPINION

———————

————————————

        * Honorable Paul S. Diamond, District Judge for the United States District Court of
the Eastern District of Pennsylvania, sitting by designation.

FUENTES, Circuit Judge.

Petitioner Shun Lin, a native and citizen of China, seeks review of the BIA's decision denying his appeal and affirming the Immigration Judge's denial of his asylum application. The IJ denied Lin's application for asylum, withholding of removal under the Refugee Convention and the Convention Against Torture ("CAT") after making an adverse credibility determination. Lin filed a timely petition for review of the BIA's final order of removal. We have jurisdiction pursuant to § 242(a)(1) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1252(a)(1). For the reasons set forth below, we deny the petition.

## I. Background

Lin entered the United States on March 2, 2004. He was issued a Notice to Appear on March 4, 2004 and removal proceedings were commenced. On the same day Lin underwent a credible fear interview. During the interview, Lin claimed that he sought asylum because he had violated China's family planning policy by fathering a child. On September 2, 2004, Lin submitted an asylum application. Despite his earlier claim that he feared persecution because of his violation of China's family planning policy, Lin sought asylum on the ground that he feared persecution for practicing Falun Gong. In his application, Lin admitted that he was not married, did not have any children and that he had fabricated his story about violating the family planning policy.

On February 22, 2005 a merits hearing was held and Lin testified that he left China

2

because he suffered persecution for practicing Falun Gong. When asked about his credible fear interview and his claim of persecution for violating family planning policies he testified he did not tell the truth because of threats from "the snakehead." In denying Lin's asylum application, the IJ found Lin's testimony to be "vague", "meager", "utterly unconvincing" and inconsistent in numerous respects with regard to his practice of Falun Gong. The BIA adopted and affirmed the IJ's adverse credibility determination.

## II.    Discussion

We have jurisdiction to review both the decision of the BIA and the decision of the IJ, where the BIA adopts the findings of the IJ, substantially relying upon the adverse credibility finding of the IJ and discusses some but not all of the IJ's reasons for the decision. See Xie v. Ashcroft, 359 F.3d 239, 242 (3d Cir. 2004). We review the decisions of immigration judges, including adverse credibility determinations, under the substantial evidence standard, which requires us to ascertain "whether the determination is supported by evidence that a reasonable mind would find adequate." Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003) (en banc).

In his petition for review, Lin argues that the IJ's adverse credibility determination was based on speculation and minor discrepancies that do not go to the heart of his asylum application and thus cannot constitute substantial evidence. He also asserts that he demonstrated fear of future persecution. After careful review of the record, we find Lin's arguments wholly unavailing.

At the hearing before the IJ, Lin testified that since he began practicing Falun Gong, in

3

2002, he had never practiced it in public because it was forbidden by the authorities. However, this claim was contradicted by his testimony that he passed out flyers relating to Falun Gong in the street on two occasions. Lin alleged that the second time he was distributing flyers, two police officers approached him and beat him up. He testified that this central event occurred on September 25, 2002. Yet, his written application indicates that the date of this event was November 8, 2002. Contrary to Lin's assertion, this was not a minor discrepancy about a tangential fact. Rather, it was nearly a two-month discrepancy about the central event to his claim of persecution. On appeal, Lin now asserts that he "may have provided a convincing explanation for the discrepancy [because he might have been referring] to the Chinese lunar calendar at one of the occasions." Pet. Br. at 10. This post hoc attempt to explain the discrepancies in his testimony and sworn statements does not undermine the IJ's adverse credibility determination.

Lastly, the IJ noted that when Lin was interviewed by an Asylum officer he claimed that his basis for asylum was because he had a child while he was under age in violation of China's birth control policies but made no mention of his practice of Falun Gong. We have held that an IJ is in the best position "to observe an alien's tone and demeanor, to explore inconsistencies in testimony" and is "uniquely qualified to decide whether an alien's testimony has about it the ring of truth." Abdulrahman v. Ashcroft, 330 F.3d 587, 597 (3d Cir. 2003) (quotation omitted). Here, we conclude that the IJ's adverse credibility determination was not based on impermissible conjecture or speculation but supported by "specific, cogent reasons." Dia, 353 F.3d at 249.

The BIA determined that the IJ did not base his adverse credibility determination solely on the inconsistencies between Lin's statement during his credible fear interview and his testimony at the merits hearing. It also noted that the IJ did not accord the inconsistencies undue weight. The Board stated that the IJ instead used the inconsistencies to demonstrate the "evolution" of Lin's claim and to explain why detailed, consistent testimony about his Falun Gong claim, which he failed to provide, was necessary. The Board found that the discrepancies were sufficient to support the IJ's adverse credibility determination. We agree and conclude that the IJ's adverse credibility determination was based on substantial evidence.

## III.    Conclusion

For the foregoing reasons, we will deny the petition for review.